# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>AMY LOPEZ, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00221-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION AS FRIVOLOUS<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Gabriel Martinez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on February 13, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

1 | A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

**II.**

**DISCUSSION**

A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." <u>Denton v. Hernandez</u>, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a complaint such as that filed by the plaintiff and to "dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " <u>Denton</u>, 504 U.S. at 32-33 (quoting <u>Neitzke</u>, 490 U.S. at 325, 327, 328). Here, the Court finds that Plaintiff has alleged claims that are frivolous, and therefore, must be dismissed.

///

Plaintiff alleges that he is a man king by inherent "rite" and that "wrongdoers have conspired treason against whom they owe allegiance to." (Compl. 1, ECF No. 1.) They have forged instruments that have "kidnapped the princess held for her ransom", "imprisoned the king into slavery", and "liquidate the king's trusts." (Id.) Plaintiff alleges treason under 18 U.S.C. 2381 and RICO. (Id.) Plaintiff alleges that he has an inherent right to be protected from injury from corrupt organizations and treason. (Id. at 2.) Plaintiff brings this action against judges of the Superior Court of California, the Fresno County District Attorney and prosecutors, federal defenders, and the doctor who performed a psychiatric evaluation on him. (Id. at 3.) Plaintiff is seeking to have the named defendants imprisoned for treason. (Id. at 1.) The claim that Plaintiff is a king and that the named defendants have committed treason and RICO violations is fanciful and delusional. Plaintiff's complaint presents irrational and illogical claims which fail to provide any comprehensible factual basis and, therefore, are wholly incredible. The Court finds that Plaintiff's factual allegations are grounded in delusion, are facially irrational, and wholly incredible. See Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 325, 3273, 328. Plaintiff's complaint is therefore frivolous.

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss a prisoner's complaint or portion of the complaint against a governmental entity or officer or employee of a governmental entity that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In this instance, no amendment could cure the deficiencies discussed above. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004; Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). Accordingly, the Court finds that granting leave to amend would be futile and this action should be dismissed without leave to amend.

## III.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint contains factual allegations that are grounded in delusion, are facially irrational and wholly incredible and are therefore frivolous. Further, the claims alleged

3

in the complaint are incapable of being cured by amendment so granting leave to amend would be futile. Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty (20) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 8, 2018**

UNITED STATES MAGISTRATE JUDGE